IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DONNIE L. JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 5:06-cv-02252-JHH-JEO |

**MEMORANDUM OPINION**

The petitioner filed this action on October 20, 2006, asserting that the Interstate Agreement on Detainers was improperly applied in his circumstances. (Doc. 1). He seeks to have this court "effect the dismissal or [to] void the criminal case No. 2:02-CR-19-IN for failure to prosecute within the 180 day time limit." *Id*. at p. 1. He is presently serving a sentence at USP Terre Haute, Indiana, as a result of the challenged detainer and conviction obtained in the United States District Court for the Northern District of Indiana.

The court has determined that the more appropriate forum for review of this matter is the United States District Court for the Southern District of Indiana where the petitioner is presently detained at USP Terre Haute. A § 2241 habeas corpus petition such as the present one generally should be addressed in the court located in the district in which the petitioner is incarcerated and where the court has jurisdiction over the petitioner's custodian. *See Blau v. United States*, 566 F.2d 526 (5th Cir. 1978); *Miller v. United States*, 564 F.2d 103 (1st Cir. 1977), *cert. denied*, 435 U.S. 931 (1978).

Accordingly, the court finds that this matter is due to be transferred to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1404(a).

**DONE** this the ___4th___ day of January, 2007.

                              _James H. Hancock_
                              SENIOR UNITED STATES DISTRICT JUDGE