IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DONNIE L. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 5:06-cv-02252-JHH-JEO |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM OPINION</u>**

The petitioner, Donnie L. Johnson, has filed a "Motion for Special Leave of Court" to proceed with a successive habeas corpus petition pursuant to 28 U.S.C. § 2241. (Doc. 6). Upon consideration, the court finds that the motion is due to be denied.

The petitioner initially filed this habeas corpus action on October 20, 2006, asserting that the Interstate Agreement on Detainers was improperly applied in his situation. (Doc. 1). He sought to have this court "effect the dismissal or [to] void the criminal case No. 2-02-CR-19-IN for failure to prosecute within the 180 day time limit." *Id*. at p. 1. As noted previously by this court, the petitioner is "presently serving a sentence at USP Terre Haute, Indiana, as a result of the challenged detainer and conviction obtained in the United States District Court for the Northern District of Indiana." (Doc. 4 at p. 1). On January 4, 2007, this court transferred this matter to the Northern District of Indiana for disposition pursuant to 28 U.S.C. § 1404(a).

As best this court can now discern, on May 15, 2007, the court in the Southern District of Indiana entered an order dismissing his petition with prejudice. (See *Donnie L. Johnson v. R.V.*

*Reach*, 2:07-cv-17-RLY-WGH, Doc. 10).[1]  In pertinent part, the reviewing court stated as follows:

    1.    Johnson is serving a sentence imposed by the United States District Court for the Northern District of Indiana following his conviction after trial by jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  His conviction was affirmed on appeal in *United States v. Johnson*, 181 Fed. Appx. 586 (7th Cir. 2006).  Prior to trial, the trial court had denied Johnson's motion to dismiss based on his claim that there had been a violation of the Interstate Agreement on Detainers Act ("IAD") when he had not been brought to trial within 180 days of having submitted a proper request for disposition of the charge, which had been lodged as a detainer with his custodian at the Alabama Department of Corrections.  Forty-eight states, the United States, and the District of Columbia entered into the IAD to establish procedures to resolve any outstanding charges one member state may have against a prisoner held by another member state.  *New York v. Hill*, 120 S. Ct. 659, 662 (2000).  Because the IAD is an interstate compact sanctioned by Congress under the Compact Clause of Article I, section 10, clause 3 of the United States Constitution, it "is a federal law subject to federal construction." *Id*. (citing *Carchman v. Nash*, 105 S. Ct. 3401, 3403 (1983); *Cuyler v. Adams*, 101 S. Ct. 703, 706-08 (1981)).

    2.    In denying Johnson's motion to dismiss, the trial court found that the "180-day clock [had] not yet been triggered."  It was evident that Johnson had submitted his request to state authorities rather than federal authorities.  This claim was not, however, included in the claims presented in his direct appeal.

    3.    Johnson renews the claim here that the IAD was violated with his federal conviction in the Northern District of Indiana.  Johnson is correct that Article IV(c) of the IAD requires dismissal of the charges in the event that an action is not brought to trial within 180 days of the prosecutor and court's receipt of the request for final disposition.  *See* 18 U.S.C. App. 2 § 2 Art. IV(c); *Fex v. Michigan*, 507 U.S. 43, 51 (1993) (prosecuting State's receipt of the request for final disposition starts the 180-day period).  The term "shall cause to be delivered" in Article III(a) in the IAD means that the 180-day clock does not being to run until "the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." *Id*. at 52.

    4.    The respondent first argues that Johnson's claim is not available for pursuit in this proceeding because it was not included in his direct appeal.  The basis of this argument is that Johnson committed waiver by not including the

---

[1] The "Entry Discussing Petition for Writ of Habeas Corpus" and the "Judgment" dismissing are attached to the present motion.

> argument in his direct appeal.  The waiver argument is somewhat obtuse, but does make the point that Johnson cannot challenge the validity of his conviction using § 2241 if other remedies were or are available for that purpose.  *See Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus 28 U.S.C. § 2255 remedy not inadequate or ineffective); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (same).
>
>      5.    Even if the court could reach the merits of Johnson's habeas claim, moreover, he would not prevail.  The trial court already heard evidence on whether an Article III(a) request was delivered to either the United States Attorney's Office for the Northern District of Indiana and/or the court in which the charge was pending.  It concluded that no such request was received.  This determination is fatal to Johnson's claim.
>
> Johnson has failed to establish his entitlement to relief pursuant to § 2241(c)(3).  Accordingly, his petition for a writ of habeas corpus must be **denied**.  Judgment consistent with this Entry shall now issue.

(Entry dated May 15, 2007, at pp. 1-2).  After the petition was denied, the petitioner filed a motion to reconsider the decision.  The court treated the motion as a motion to alter or amend the judgment in accordance with Fed. R. Civ. P. 59(e) and denied the same.

Premised on the foregoing, it is clear that the petitioner is seeking a third opportunity to challenge the handling of his criminal case under the Interstate Agreement on Detainers.  This court declines to afford him that opportunity.  Accordingly, his motion for "special leave of court" to file a successive 2241 petition is due to be denied.  An appropriate order will be entered.

**DONE** this the ___6th___ day of August, 2007.

                                                /s/ James H. Hancock
                                      SENIOR UNITED STATES DISTRICT JUDGE